IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cr-40019-SMY-001 |
| | ) |
| DALTUN A. HASTY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**YANDLE, District Judge:**

Defendant Daltun A. Hasty was sentenced on October 17, 2019 to 135 months' imprisonment for Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(B), and 846 (Count 1) (Docs. 64, 68).

Hasty recently filed a *pro se* motion seeking a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (Doc. 76). Pursuant to SDIL Administrative Order 362, Federal Public Defender Kim Freter entered her appearance on Hasty's behalf in order to determine his eligibility for a sentence reduction (Doc. 79). FPD Freter has now moved to withdraw, asserting that Hasty is ineligible for a sentence reduction under Amendment 821 (Doc. 80). Hasty did not file any objection.

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified

aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Hasty's total offense level at sentencing was 33 and his criminal history category was III. His Guideline sentencing range was 168 to 210 months. Hasty was sentenced to 135 months after a downward variance by the Court. Under Amendment 821, Hasty's criminal history category decreases to II and his Guideline sentencing range is 151 to 188 months. Since the sentence imposed is below the new Guideline sentencing range, Hasty is not eligible for a sentence reduction.

Accordingly, the motion to withdraw (Doc. 80) is **GRANTED** and motion to reduce pursuant to Amendment 821 (Doc. 76) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 12, 2024**

**STACI M. YANDLE**
**United States District Judge**